1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTREAL D. HEMPHILL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JONATHAN FARR AND CHAD MEDEIROS<br><br>　　　　Defendants. | Case No.  1:19-cv-01119-AWI-EPG<br><br>**SCREENING ORDER REQUIRING PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO PROCEED ONLY ON THE CLAIMS FOR UNLAWFUL ARREST AND EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT; OR**<br><br>**(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO THE COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff, Montreal D. Hemphill ("Plaintiff"), is proceeding *pro se* and *in forma pauperi*s, in this action brought pursuant to California penal law. The complaint, filed April 15, 2020,

1

alleges claims against police officers Jonathan Farr and Chad Medeiros ("Defendants"). (ECF No. 1.)

For the reasons described below, the Court finds that Plaintiff states cognizable claims against Defendant Medeiros for unlawful arrest and Defendant Farr for excessive force, each in violation of the Fourth Amendment to the Constitution, but fails to state any other claims. Specifically, Plaintiff lists state penal codes as basis for the Court's jurisdiction. The Court is not able to enforce California criminal laws.

The Court will provide Plaintiff with leave to file a first amended complaint, with the assistance of the legal standards set forth below, if he believes that additional facts will establish other claims. Plaintiff may also choose to proceed only on the claims found cognizable in this order, or to stand on this Complaint, subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.

## I.  SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

2

matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he was pulled over by Defendant Chad Medeiros ("Medeiros") for no reason on October 13, 2018. When Plaintiff asked what the problem was, Medeiros got hostile and told Plaintiff he was under arrest. Plaintiff sat down in fear while Medeiros cuffed him. At some point, Plaintiff got on his stomach. While on his stomach, Plaintiff alleges Defendant Jonathan Farr ("Farr") pulled up to the scene, ran over, and kneed Plaintiff in the head. Farr then punched Plaintiff in the face twice. Plaintiff turned his face, and Farr switched positions and kneed him twice in the same place. Then Defendants impounded his car and put Plaintiff in jail.

Plaintiff alleges he suffered a paralyzed face, nerve damage, pain and suffering, and stolen and lost property. He also alleges he paid an impound fee.

In the Complaint, Plaintiff states his claims are for (1) false imprisonment, (2) Penal Code 237(a) pc, (3) assault and battery with intent to do great bodily harm, and (4) Penal Code 242.824. He seeks $2.5 million.

## III. SECTION 1983

The Civil Rights Act, under which this action seems to have been filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

3

>  privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

## IV. EVALUATION OF PLAINTIFF'S COMPLAINT

### A. Unlawful Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). In determining whether an arrest was lawful under the Fourth Amendment, "[f]ederal law asks only whether the officers had probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001).

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) ("A police officer may make a warrantless arrest when the 'officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.'" (citations omitted)).

"In California, an officer has probable cause for a warrantless arrest if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." *Blankenhorn*, 485 F.3d at 471 (citations and internal quotation marks omitted). Similarly, under federal standards, "[t]he test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" *Id.* (citation omitted).

> Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime. When there has been communications among [officers], probable cause can rest upon the investigating [officers'] collective knowledge.
>
> Because probable cause must be evaluated from the perspective of prudent [people], not legal technicians, an officer need not have probable cause for every element of the offense. However, when specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred.

5

*Id.* (citations and internal quotation marks omitted). "[A]n arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *D.C. v. Wesby*, 138 S. Ct. 577, 585 n.2 (2018).

Here, Plaintiff alleges he was pulled over for no reason. When he asked Medeiros what the problem was, Medeiros "intensely got hostile an[d] told [him], [he's] under arrest."

The Court next considers whether Plaintiff has alleged that Medeiros lacked probable cause to arrest Plaintiff. Plaintiff has alleged that he was arrested for no reason. From the face of the Complaint, construing all facts in favor of Plaintiff, Plaintiff has adequately alleged that he was arrested without probable cause.

### B. Excessive Force

A § 1983 claim for excessive use of force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-99 (1989). "The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (quoting *Graham*, 490 U.S. at 397). To determine whether the force used is "objectively reasonable," the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 397. "The essence of the *Graham* objective reasonableness analysis is that the force which was applied must be balanced against the *need* for that force: it is the need for force which is at the heart of the *Graham* factors." *Headwaters Forest Def. v. Cty. of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002), *as amended* (Jan. 30, 2002) (quoting *Liston v. County of Riverside,* 120 F.3d 965, 976 (9th Cir. 1997) (internal quotation marks and brackets omitted).

Under that test, a court must "first assess the quantum of force used to arrest the plaintiff by considering 'the type and amount of force inflicted." *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by

flight." *Graham*, 490 U.S. at 396.

Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff alleges that Farr ran over to him, kneed him in the head, punched him in the face twice, switched positions, and kneed him twice more in the same place. The Court finds that these allegations are sufficient to state a claim for excessive force to proceed past the screening stage. *See Byrd*, 884 F.3d at 642 (finding plaintiff stated claim for excessive force by alleging defendant police officers "used excessive force when they beat the crap out of Charles Byrd when they pulled [him] over for no light on his bicycle, even though [he] was on private property, was not engaged in criminal activity, was not on probation or parole, did not receive any type of traffic or [equipment] violation, and had no warrants for [his] arrest" (brackets in original)).

### C. State Law Claims

The Complaint also lists "Penal Code 237(a) pc" and "penal code 242.824" as being at issue in this case.[1] It appears that Plaintiff sought to sue Defendants for the torts of false imprisonment, assault, and battery, each of which is defined by California's penal law. *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 751, (E.D. Cal. 2008) ("False imprisonment is the unlawful violation of the personal liberty of another. Penal Code § 236. The definition of the offense is the same whether alleged as a crime or a tort."); *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (in torts case, noting assault and battery are defined in Cal. Penal Code §§ 240 and 242, respectively).

California's Government Claims Act[2] requires that a tort claim against a public entity (including local public entities) or its employees be presented to the governing body of the local public entity, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection

---

[1] Only the State of California can enforce its criminal laws. Cal. Penal Code § 684 ("A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense."). Plaintiff—and this federal Court—have no power to prosecute California criminal laws.

[2] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The "failure to timely present a claim for money or damages to a public entity *bars a plaintiff from filing a lawsuit against that entity*." *City of Stockton v. Superior Court,* 42 Cal.4th 730, 737–38 (2007) (emphasis added). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

It appears that Plaintiff may be attempting to bring state law tort claims. However, Plaintiff fails to plead compliance with California's Government Claims Act. Plaintiff does not allege that he presented a written claim to the governing board of the local body within six months of October 13, 2018.

In the event that Plaintiff wishes to move forward with state law claims, Plaintiff must allege he complied with the Government Claims Act.

Additionally, the Court provides the following standards, which might be relevant to Plaintiff's claims if Plaintiff chooses to amend his complaint and has complied with the Government Claims Act:

    1.  False Imprisonment

In California, "[t]he elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Tekle*, 511 F.3d at 854 (quoting *Easton v. Sutter Coast Hosp.,* 80 Cal.App.4th 485, 95 Cal.Rptr.2d 316, 323 (2000)).

    2.  Assault

> To state a claim for civil assault against a police officer, a plaintiff must allege that: (1) the officer[] threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to [Plaintiff] that [the officer was] about to carry out the threat; (3) he did not consent to the conduct; (4) he was harmed; and (5) the officer['s] conduct was a substantial factor in causing the harm.

*Id.* at 855.

3.  Battery

"The elements of a battery claim in California are that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Id*.

As Plaintiff is attempting to assert both state and federal claims, the Court notes that pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

## V.  CONCLUSION AND ORDER

The Court has screened the Complaint and finds that Plaintiff states a claim against Defendant Medeiros for unlawful arrest and Defendant Farr for excessive force, each in violation of the Fourth Amendment. Plaintiff fails to state any other cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district court judge consistent with this order.

Finally, Plaintiff may choose to notify the Court in writing that he does not want to file an amended complaint, and instead wants to proceed only on the claim found cognizable by the Court.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a civil rights (non-prisoner) complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint, which the Court will screen in due course;
    b. Notify the Court in writing that he does not want to file an amended complaint, and instead wants to proceed only on the claims for violations of the Fourth Amendment; or
    c. Notify the Court in writing that he does not want to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will issue findings and recommendations to the district judge consistent with this order.
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01119-AWI-EPG; and

\\\

\\\

4.  Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **April 14, 2020**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE