**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONTREAL D. HEMPHILL,<br><br>Plaintiff,<br><br>v.<br><br><br>CITY OF HANFORD POILCE DEPARTMENT, et al.<br><br>Defendants. | Case No.  1:19-cv-01119-AWI-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT PALMER FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE EXERCISE OF RELIGION AND FOR VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, AND THAT ALL OTHER CLAIMS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>(ECF No. 6) |

Plaintiff, Montreal D. Hemphill ("Plaintiff"), is proceeding *pro se* and *in forma pauperi*s, in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this lawsuit on August 15, 2019. (ECF No. 1). The Court issued a screening order on April 15, 2020, which gave Plaintiff leave to amend. (ECF No. 5). Plaintiff filed his First Amended Complaint on May 12, 2020. (ECF No. 6). That complaint is before this Court for screening.

The Court finds Plaintiff has stated cognizable claims against Defendant Chad Medeiros ("Mederios") for unlawful arrest and Defendant Jonathan Farr ("Farr") for excessive force, each in violation of Plaintiff's Fourth Amendment rights. The Court recommends that these claims be

1

allowed to proceed past the screening stage and that all other claims and defendants be dismissed.

Plaintiff has twenty-one (21) days from the date of service of these finds and recommendations to file his objections.

## I.  SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges as follows:

Plaintiff was pulled over by Medeiros without cause on October 13, 2018. When Plaintiff repeatedly asked why he had been pulled over, Medeiros gave no response but got intensely hostile and told Plaintiff he was under arrest and placed Plaintiff in restraints. Plaintiff asked why he was being placed under arrest and Medeiros refused to answer. Plaintiff sat down on the ground next to his vehicle. Another officer, Farr also responded. Plaintiff laid on his stomach to show that he had every intention to comply with whatever orders were given to him.

Farr ran over from his patrol car without cause and kneed Plaintiff in the head and punched Plaintiff in the face. Plaintiff turned his face to avoid further assault, but Farr switched positions and kneed him twice in the same place. He was then placed in a patrol car, taken to jail, and had his vehicle impounded.

Plaintiff alleges he needed immediate medical attention and that since then, he has continued to have medical and psychological issues from the excessive force.

## III. SECTION 1983

The Civil Rights Act, under which this action seems to have been filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### IV.   EVALUATION OF PLAINTIFF'S COMPLAINT

#### A.   Unlawful Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). In determining whether an arrest was lawful under the Fourth Amendment, "[f]ederal law asks only whether the officers had

probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001).

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) ("A police officer may make a warrantless arrest when the 'officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.'" (citations omitted)).

"In California, an officer has probable cause for a warrantless arrest if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." *Blankenhorn*, 485 F.3d at 471 (citations and internal quotation marks omitted). Similarly, under federal standards, "[t]he test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" *Id.* (citation omitted).

> Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime. When there has been communications among [officers], probable cause can rest upon the investigating [officers'] collective knowledge.
>
> Because probable cause must be evaluated from the perspective of prudent [people], not legal technicians, an officer need not have probable cause for every element of the offense. However, when specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred.

*Id.* (citations and internal quotation marks omitted). "[A]n arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *D.C. v. Wesby*, 138 S. Ct. 577, 585 n.2 (2018).

Here, Plaintiff alleges he was pulled over without cause. When he asked Medeiros what the problem was, Medeiros became intensely hostile and told him that he was under arrest. From

the face of the Complaint, construing all facts in favor of Plaintiff, Plaintiff has adequately alleged that he was arrested without probable cause by Medeiros to proceed past the screening stage.

### B. Excessive Force

A § 1983 claim for excessive use of force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-99 (1989). "The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (quoting *Graham*, 490 U.S. at 397). To determine whether the force used is "objectively reasonable," the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 397. "The essence of the *Graham* objective reasonableness analysis is that the force which was applied must be balanced against the *need* for that force: it is the need for force which is at the heart of the *Graham* factors." *Headwaters Forest Def. v. Cty. of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002), *as amended* (Jan. 30, 2002) (quoting *Liston v. County of Riverside,* 120 F.3d 965, 976 (9th Cir. 1997) (internal quotation marks and brackets omitted).

Under that test, a court must "first assess the quantum of force used to arrest the plaintiff by considering 'the type and amount of force inflicted." *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff alleges that Farr ran over to him, kneed him in the head, punched him in the face twice, switched positions, and kneed him twice more in the same place, all while he was

6

handcuffed and on his stomach. The Court finds that these allegations are sufficient to state a claim against Farr for excessive force to proceed past the screening stage.

### C. City's Liability

The FAC alleges that the City of Hanford Police Department violated Plaintiff's constitutional rights.

Under § 1983, a local government is responsible "only for 'their own illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible."

*Id.* at 60-61 (internal citations and quotations omitted) (alteration in original).

"That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 406-07 (1997). Instead, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Id.* at 407 (citations omitted).

To state a claim for a violation of § 1983 against a municipality, a plaintiff must sufficiently allege facts demonstrating (1) he was deprived of his constitutional rights by the municipality and its employees acting under color of state law, (2) the municipality has customs or policies that amount to deliberate indifference to the plaintiff's constitutional rights, and (3) "these policies are the moving force behind the constitutional violation[s]." *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (citations omitted).

7

Here, Plaintiff does not allege any facts demonstrating that the City of Hanford Police Department has any customs or policies that amount to deliberate indifference to his constitutional rights. He also does not allege facts demonstrating that the City used any policies were the moving force behind the constitutional violations. In fact, he makes no allegations concerning the police department's policies at all. Therefore, he has not stated a claim against the Hanford police department.

## V.     CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that it states cognizable claims against Defendant Medeiros for unlawful arrest in violation of Plaintiff's Fourth Amendment rights and Defendant Farr for excessive force in violation of Plaintiff's Fourth Amendment rights. The Court also finds that Plaintiff has failed to state any other cognizable claims.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendant Medeiros for unlawful arrest and Defendant Farr for excessive force, each in violation of Plaintiff's Fourth Amendment rights; and
2. All other claims be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2020**          /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE